United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MCAFEE and MARGUERITE MCAFEE,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION and MORGAN STANLEY PRIVATE BANK NATIONAL ASSOCIATION,<br><br>Defendants. | Case No.18-cv-05844-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 45 |

Before the Court is defendants PHH Mortgage Corporation and Morgan Stanley Private Bank, National Association's motion to dismiss plaintiffs Eric McAfee and Marguerite McAfee's first amended complaint. Because Plaintiffs do not allege a violation of the Homeowner Bill of Rights or plead justifiable reliance, the Court GRANTS Defendants' motion to dismiss.

**I.  Factual Allegations and Procedural History**

Plaintiffs own a house in Saratoga, California. *See* Dkt. No. 41 ("FAC") ¶ 11. PHH is Plaintiffs' mortgage servicer and Morgan Stanley owns Plaintiffs' mortgage. *Id.* ¶ 13. On January 26, 2018, Defendants recorded a notice of default because Plaintiffs were over $150,000 behind on their mortgage. *Id.* ¶ 17.

In early 2018, Plaintiffs reached out to PHH to apply for loss mitigation options. *Id.* ¶ 19. PHH assigned Plaintiffs a single point of contact at their request. *Id.*

1       Despite their ongoing review, Defendants recorded a notice of trustee's sale on Plaintiffs' property on April 23, 2018. *Id.* ¶ 22. A foreclosure sale was scheduled for May 17, 2018. *Id.* Between April 24, 2018, and August 14, 2018, Plaintiffs remained in contact with Defendants to figure out how to save their property. *Id.* ¶¶ 24–26. In their conversations with PHH, Plaintiffs were told that their house would be foreclosed unless they provided certain loss mitigation application materials or if their mortgage was paid in full. *Id.* ¶ 28. PHH also told Plaintiffs that their mortgage loan had been accelerated and the total loan balance was owed. *Id.* ¶ 29. On August 14, 2018, two days before his right to reinstate expired, plaintiff Eric McAfee learned that he could reinstate his loan. *Id.* ¶ 30. Plaintiffs allege that had Defendants informed them that they could bring their delinquent mortgage current, they would have been able to acquire the funds necessary to do so. *Id.* The foreclosure sale on Plaintiffs' house was rescheduled to August 13, 2018. *Id.* ¶ 31.

      Plaintiffs filed this lawsuit in Santa Clara County Superior Court on August 16, 2018. *See* Dkt. No. 1, Ex. A. Defendants removed the suit to this Court on September 24, 2018. *See* Dkt. No. 1. On January 28, 2019, Defendants moved to dismiss Plaintiffs' complaint. *See* Dkt. No. 38. Plaintiffs responded by amending their complaint. *See* FAC.

      Plaintiffs' first amended complaint now alleges: (1) failure to ensure that they were considered for all foreclosure prevention alternatives, Cal. Civ. Code § 2923.7(b)(4); (2) negligent misrepresentation; (3) failure to reinstate the mortgage loan, Cal. Civ. Code § 2924c; and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq. See id.* ¶¶ 32–72. Defendants now move to dismiss the first amended complaint in its entirety. *See* Dkt. No. 45. The motion is fully briefed. *See* Dkt. Nos. 49, 50. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 11, 12.

## II. Legal Standard

      A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the

light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

### III. Discussion

#### A. Cal. Civ. Code § 2923.7(b)(4)

Under the California Homeowner Bill of Rights ("HBOR"), mortgage servicers must "establish a single point of contact." Cal. Civ. Code § 2923.7(a). Among other things, the single point of contact must "[e]nsur[e] that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any." Cal. Civ. Code § 2923.7(b)(4).

If a HBOR violation is material, borrowers may request injunctive relief to prevent a foreclosure sale. Cal. Civ. Code § 2924.12(a)(1). A violation is material if it affects the borrower's loan obligations or disrupts the loan modification process. *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869–70 (N.D. Cal. 2017) (collecting cases). If the violation was "corrected and remedied prior to" the foreclosure sale, mortgage servicers are no longer liable. Cal. Civ. Code § 2924.12(c).

Plaintiffs' claim under § 2923.7(b)(4) hinges on their allegation that Defendants failed to inform them that they could reinstate their loan. *See* FAC ¶¶ 34, 36–40.

3

Defendants' failure to do so, Plaintiffs argue, made it impossible for them to attempt to make their mortgage current and thereby avoid foreclosure. *Id.* This argument fails for two reasons.

First, it is not clear that Plaintiffs' assigned single points of contact violated § 2923.7(b)(4) by failing to inform them that they could reinstate their loan. Paying off a delinquent loan to bring that loan current is not a "foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(4). It is simply paying the sum due on a loan. Indeed, cases interpreting § 2923.7(b)(4) usually discuss loan modifications, not loan reinstatement. *See, e.g.*, *Johnson v. PNC Mortg.*, No. 14-cv-02976-LB, 2014 WL 6629585, at *2–3 (N.D. Cal. Nov. 21, 2014) (describing loan modification offer to delay maturity date of mortgage loan); *Mackensen v. Nationstar Mortg. LLC*, No. 14-cv-02812-JC, 2015 WL 1938729, at *2 (N.D. Cal. Apr. 28, 2015) (describing loan modification options).

Second, even if reinstating the loan was a foreclosure prevention alternative within the meaning of § 2923.7(b)(4), Defendants' violation was not material. As explained above, a violation is material if it affects the borrower's loan obligations or disrupts the loan modification process. *Cardenas*, 281 F. Supp. 3d at 869–70. Here, Plaintiffs admit that they learned that they could reinstate their loan before the time to reinstate expired. *See* FAC ¶ 30.[1] Plaintiffs do not allege that, after they learned of their right to reinstate the loan, Defendants refused to let them to do so. Nor do Plaintiffs allege that they attempted to reinstate their loan after learning that it was an option. To be sure, Plaintiffs allege that they learned of that option only two days before their right to reinstate expired. But they do not allege that they took any steps to take advantage of that right. In short, Defendants' purported violation was not material.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' § 2923.7(b)(4) claim with leave to amend.

---

[1] Plaintiffs do not explain how they learned that they could reinstate their loan. *See id.* Assuming Defendants informed them of this option, Plaintiffs' claim may be further foreclosed because the purported violation was cured. *See* Cal. Civ. Code § 2924.12(c).

### B. Negligent Misrepresentation

Defendants argue that Plaintiffs' negligent misrepresentation claim must be dismissed because they fail to allege justifiable reliance and their claim is barred by the statute of frauds.

The elements of negligent misrepresentation are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Pub. Employees' Retirement Sys. v. Moody's Investor Servs., Inc.*, 226 Cal. App. 4th 643, 661 (2014) (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)); *see also Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1307 (2015).

In a fraudulent omission claim, plaintiffs must allege facts suggesting that "had the omitted information been disclosed, [the plaintiff] would have been aware of it and behaved differently." *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 250–51 (2011) (alteration in original) (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)). Such reliance is justifiable if "circumstances were such to make it reasonable for [the] plaintiff to accept [the] defendant's statements without an independent inquiry or investigation." *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 794 (2013) (alterations in original) (quoting *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 864–65 (2007)).

Here, Plaintiffs allege that they "were told that their only options to avoid foreclosure were to pay the Note in full or complete an application for loss mitigation." FAC ¶ 45. According to Plaintiffs, if they were accurately informed that they could bring their loan current, they would have liquidated assets to reinstate the loan. *See id.* ¶ 30. Plaintiffs also alleged that Defendants and their assigned points of contact "held themselves out as being the individuals tasked with helping Plaintiffs pursue foreclosure prevention alternatives . . . ." *Id.* ¶ 51. However, Plaintiffs also alleged that they learned they could reinstate their loan two days before their right to reinstate expired. *Id.* ¶ 30.

5

United States District Court
Northern District of California

Thus, it is not clear that Plaintiffs were justified in continuing to rely on Defendants' purported representations nor is it clear that they suffered any damage as a result. Once Plaintiffs learned of their right to reinstate their loan, they could have, but did not allege that they attempted to reinstate their loan. If they were unable to do so as a result of Defendants' delay, Plaintiffs may be able to state a claim. As alleged, however, Plaintiffs do not state a claim.[2] Because Plaintiffs fail to state a claim, the Court does not reach Defendants' statute of frauds argument.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim with leave to amend.

### C. Cal. Civ. Code § 2924c

"Whenever all or a portion of the principal sum of any obligation secured by deed of trust or mortgage . . . becomes due or been declared due by reason of default[,]" the borrower "may pay to the beneficiary of the mortgagee . . . all amounts in default [and] all reasonable costs and expenses . . . other than the portion of principal as would not then be due had no default occurred, and thereby cure the default . . . ." Cal. Civ. Code § 2924c(a). If the borrower makes such a payment, "all proceedings theretofore had or instituted shall be dismissed or discontinued and the obligation and deed of trust or mortgage shall be reinstated . . . ." *Id.* The borrower must make such a payment at least "five business days prior to the date of [the foreclosure] sale." *Id.* § 2924c(e).

Here, the parties agree that Plaintiffs have not tendered "all amounts in default [and] all reasonable costs and expenses." *Id.* § 2924c(a). Rather, Plaintiffs allege that Defendants violated § 2924c when their assigned points of contact failed to inform them that they could reinstate their loan. *See* Dkt. No. 49 at 9. But § 2924c does not require

---

[2] California law requires recorded notices of default to include a statutory notice informing borrowers of their right to cure default. *See* Cal. Civ. Code § 2924c(b). Plaintiffs' first amended complaint alleges that Defendants recorded a notice of default. *See* FAC ¶ 17. If that notice complied with § 2924c, Plaintiffs may have knowledge of their right to reinstate their loan. If so, Plaintiffs may be unable to show justifiable reliance. *See West*, 214 Cal. App. 4th at 794 ("The reasonableness of the plaintiff's reliance is judged by reference to the plaintiff's knowledge and experience.").

assigned points of contact to independently inform borrowers of their ability to cure default. Rather, § 2924c only requires that Defendants give notice of this option when recording a notice of default. *See id.* § 2924c(b). Although Plaintiffs alleged that Defendants recorded default, they do not allege that Defendants failed to include the statutory notice. *See* FAC ¶ 17.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' § 2924c claim with leave to amend.

### D. UCL

The UCL prohibits "unlawful, unfair, or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, (1999) (internal citation and quotation marks omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability.").

The "unlawful" prong of the UCL treats violations of other laws as independently actionable unlawful business practices. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Business practices are "unfair" if they "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001) (internal quotation marks and citation omitted). The "fraudulent" prong prohibits business practices that are likely to deceive members of the public. *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

Plaintiffs UCL claim is predicated on the "unlawful" and "unfair" prongs. *See* FAC ¶¶ 68–69. Because Plaintiffs failed to state a claim under the HBOR and for negligent misrepresentation, Plaintiffs also fail to state a claim under the UCL. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' UCL claim with leave to amend.

**IV. Conclusion**

The Court GRANTS Defendants' motion to dismiss with leave to amend. Plaintiffs must file their second amended complaint or inform the court that they do not intend to amend by **April 26, 2019**. Plaintiffs may not add new parties or new claims without further leave of the Court.

**IT IS SO ORDERED.**

Dated: April 2, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge